UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYED K. RAFI, Ph.D.<br>*Plaintiff*<br>v.<br><u>HARVARD UNIVERSITY MEDICAL SCHOOL:</u><br>    BRIGHAM AND WOMEN'S HOSPITAL:<br>        CYNTHIA C. MORTON, Ph.D.<br>        RICHARD L. MAAS, MD., Ph.D.<br>    MASSACHUSETTS GENERAL HOSPITAL:<br>        MARCY E. MACDONALD, Ph.D.<br>    CHILDREN'S HOSPITAL BOSTON:<br>        MIRA B. IRONS, MD.<br>*Defendants* | Civil Action No: **20-CV-10038-NMG** |

**_PRO SE_ PLAINTIFF'S MOTION SEEKING "STAY" IN THIS ACTION**
PENDING THE RESOLUTION OF THE STILL ON-GOING CONNECTICUT LITIGATION
IN AGREEMENT WITH DEFENDANTS' MOTION IN THIS ACTION [ECF 15] TO
"STAY" THIS LITIGATION IN FURTHERANCE OF JUDICIAL ECONOMY

**BACKGROUND**

The still continuing, 2014 through 2020, race and class based conspiratorial collusion, coercion and employment reprisal claims against the defendants in this action are indeed NOT barred by the *Res Judicata* Doctrine in accordance with the Supreme Court ruling in *Lawlor v. National Screen Service Corporation,* 349 U.S. 322 (1955) given *the continued worsening negative Domino Effects* of the alleged race and class based coercive employment reprisals that were initiated and perpetuated by defendants in collusion with Yale University School of Medicine ever since 2004, as alleged in this complaint- which having *currently permanently worsened* plaintiff's job prospects rendering him as "*pauper*" and "*pariah*", as has been abundantly evidenced in the *E-Discovery documentations: Exhibits 1 through 25* in this complaint.

These later (since 2014) and latest (until 2020) are actionable under the *Continuing Violations Doctrine*, under 42 U.S.C. § 1985 vis-à-vis § 1986, since they have gravely violated plaintiff's Constitutional rights and Civil rights as a naturalized citizen during this prolonged period of time, despite plaintiff having filed the prior lawsuit at this Court six (6) years ago under different legal contexts, that too, exclusively based on those continued violations since 2004 until

1

2014 period, NOT covering the now worsened and permanent ill-effects of those violations as well the currently alleged continuing violations beyond 2014 through 2020, as the US Supreme Court recognized in its ruling in *Lawlor v. National Screen Service Corp.,* 349 U.S. 322 (1955).

The attorney currently representing defendants Brigham and Women's Hospital, et al., in this case, Mr. Brian E. Sopp, in his initial motion for dismissal at the US District Court in Connecticut (*where Brigham and Women's Hospital, et al., are defendants as co-conspirators in race and class based conspiratorial collusion with Yale School of Medicine*), has argued that the Connecticut US District Court does NOT have jurisdiction over defendants, Brigham and Women's Hospital (Boston, MA), et al., in that case along with Yale University School of Medicine at the US District Court for the District of Connecticut.

Therefore, given that (1) 42 U.S.C. §1985 provides for joint and several liability for members of the conspiracy and §1986 expands the available defendants beyond the immediate circle of conspirators, and (2) 42 U.S.C.§§1985 & 1986 cases may be filed in State Courts of general jurisdiction (*Bennun v. Board of Governors,* 413 F. Supp. 1274, 1279 (D.N.J. 1976); Vason v. Carrane, 31 Conn. Supp. 338, 330 A.2d 98 (1974), plaintiff, *pro se*, lodged this complaint at the Massachusetts State Superior Court against defendants, Brigham and Women's Hospital, et al., Boston, MA.

But the attorney representing defendant, Children's Hospital Boston, Ms. Amy Serino, without any consultation or communication with *pro se* plaintiff, opted to hijack this complaint from the Massachusetts State Superior Court to this US District Court, understandably for the sole purpose of easily getting this case dismissed citing *Res Judicata* Doctrine, given plaintiff's prior case at this Court during 2014.  Consequently, *pro se* plaintiff did not realize this abrupt change in the venue for several weeks, until he contacted recently the State of Massachusetts Superior Court enquiring about the status of his filed complaint over there.

**SEEKING "STAY" IN THIS LAWSUIT IN AGREEMENT WITH DEFENDANTS' MOTION**

**In agreement with attorney Mr. Brian Sopp's** (*who is representing defendants, Bigham and Women's Hospital, et al., in this litigation at this Court as well*) **proposal in his motion to dismiss this complaint at this Court** *[ECF 15; Filed 01/24/2020; page 17-18, item IV],* **since the Connecticut case is still being considered by that Court, plaintiff is seeking "stay" in this lawsuit at this Court during the pendency of plaintiff's lawsuit at the Connecticut Court, in the furtherance of judicial economy.**

But, *pro se* plaintiff respectfully requests this Court that he be able to proceed ahead with this lawsuit against these defendants after his currently on-going litigation at the Connecticut District Court has been decided, **if he then deems it to be necessary to achieve justice, given:**

(1) The alleged grave violations of his Constitutional rights and Civil rights as a naturalized citizen;

(2) The alleged losses to his life <u>due to</u> deprivation of income over the extended period of the ceaseless and reckless race and class based continuing conspiratorial collusion and coercive initiation of employment reprisals by these defendants during 2004;

(3) The alleged continued perpetuation of coercive employment reprisals since 2004 <u>to this day</u> by the defendants in this lawsuit, even after plaintiff's 2014 lawsuit against them at this Court; and

(4) The current worsened and permanent *domino effects* of the initiation and perpetuation of the coercive employment reprisals by these defendants during 2004, as the *E-Discovery documentations: Exhibits 1 through 25* in this complaint corroborate,

Respectfully submitted,

*K. Syed Rafi*

Syed K. Rafi, PhD.                                                                February 11, 2020
*Pro se* Plaintiff
3237 Apex Cir,
Falls Church, VA 22044
rafigene@yahoo.com
Phone: 816 787 4366

**CERTIFICATE OF SERVICE**

This motion has been filed through this Court's CM/ECF system of which all defendants' attorneys are participants.

    Respectfully,

*K. Syed Rafi*                                                       February 11, 2020
----------------
Syed K. Rafi